IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00432-LTB
(Removal from El Paso County, Colorado, District Court,
Case Nos. 01CR2042 & 02CR2264)

PEOPLE OF THE STATE OF COLORADO,

    Plaintiff,

v.

DARREL ALAN HYBERG, JR.,

    Defendant.

---

## ORDER FOR SUMMARY REMAND

---

Defendant, Darrel Alan Hyberg, Jr., has filed *pro se* a "Removal Complaint" in which he states he is removing to this Court two criminal cases from the El Paso County, Colorado, District Court. The relevant state court case numbers are 01CR2042 and 02CR2264. The Court must construe the notice of removal liberally because Mr. Hyberg is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the cases will be remanded summarily to the state court.

Title 28 U.S.C. § 1455(a) provides that a defendant seeking to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal." Mr. Hyberg fails to provide a short and plain statement of the grounds for removal of this action and he fails to demonstrate that any criminal prosecution currently is pending against him that may be removed. Even

construing the notice of removal liberally and assuming the existence of an active criminal prosecution in the removed cases, the Court is unable to ascertain any legitimate basis for removal of those cases under the relevant statutes. Title 28 U.S.C. §§ 1442, 1442a, and 1443 all authorize the removal of certain criminal prosecutions, but Mr. Hyberg makes no allegations relevant to § 1442, which applies to actions against federal officers or agencies, or to § 1442a, which applies to members of the armed forces. Although Mr. Hyberg apparently contends that his constitutional rights have been violated, the Court finds that the instant action also may not be removed pursuant to § 1443, which authorizes the removal of certain civil rights cases.

The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219). Mr. Hyberg does not allege facts that demonstrate he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985). Mr. Hyberg does not provide the Court with specific factual allegations regarding any inability to enforce his constitutional rights in the state court proceedings. Therefore, removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Mr. Hyberg does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Therefore, because it clearly appears on the face of the notice of removal that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1455(b)(4).

Finally, although Mr. Hyberg indicates he is removing his state court criminal cases to this Court, it appears that his true intention is to challenge the validity of a state court criminal conviction. Mr. Hyberg may not do so by removing the criminal cases to federal court. If Mr. Hyberg wishes to challenge the validity of a state court criminal

conviction, he must file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accordingly, it is

ORDERED that Case Nos. 01CR2042 and 02CR2264 are remanded summarily to the El Paso County District Court. It is

FURTHER ORDERED that the clerk of this court shall mail a certified copy of this order to the clerk of the El Paso County District Court.

DATED at Denver, Colorado, this  25th  day of    October   , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court